IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PRESTON EVERETT KNOX,            )
                                 )
        Plaintiff,               )
                                 )
v.                               )    Case No. 10-2540-CM
                                 )
                                 )
MICHAEL J. ASTRUE,               )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
        Defendant.               )
_____)

## MEMORANDUM AND ORDER

Plaintiff filed this action pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, requesting the court to review the decision of the Administrative Law Judge ("ALJ") dated July 7, 2009, finding that plaintiff was not entitled to disability benefits. Plaintiff contends that the ALJ erred in her findings at Step Two of the five-step sequential evaluation process, in her credibility analysis and Residual Functional Capacity ("RFC") assessment. Plaintiff further contends that the ALJ committed multiple errors in general, failing to base her decision on substantial evidence in the record. The court makes the following findings.

### I.    Procedural Background

Plaintiff originally filed an application with the Social Security Administration for disability benefits on September 8, 2006, alleging disability beginning on July 31, 2004. After plaintiff's application and request for reconsideration were both denied, plaintiff requested, and was granted, an administrative hearing. The ALJ, Christine Cooke, issued her opinion on July 7, 2009, denying plaintiff's application. Plaintiff requested review on appeal; and on August 6, 2010, the Appeals

Council denied plaintiff's request. Therefore, the decision of the Appeals Council serves as the final decision of the Commissioner. Plaintiff's request for this court's review is proper and timely.

**II.     Legal Standard**

This court reviews "'the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.'" *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). "'Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hunter v. Astrue*, 321 F. App'x 789, 792 (10th Cir. 2009) (quoting *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007)). The court "'may not reweigh the evidence or substitute its judgment for that of the agency.'" *Bellamy v. Massanari*, 29 F. App'x 567, 569 (10th Cir. 2002) (quoting *Kelly v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995)). Further, this court must examine the entire record, which includes any evidence which may detract "from the weight of the Commissioner's decision," and must "'determine if the substantiality of the evidence test has been met.'" *Jarmillo v. Massanari*, 21 F. App'x 792, 795 (10th Cir. 2001) (quoting *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994)).

It is plaintiff's burden to prove "a disability within the meaning of the Social Security Act." *Hunter*, 321 F. App'x at 792 (quotation omitted). A disability "'requires both an inability to engage in any substantial gainful activity' and 'a physical or mental impairment, which provides reason for the inability.'" *Id*. (quoting *Barnhart v. Walton*, 535 U.S. 212, 217 (2002)). Impairment, as defined under 42 U.S.C. § 423(d)(1)(A), is a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."

It is the responsibility of the ALJ to thoroughly conduct a five-step sequential process when reviewing claims for disability under the Social Security Act. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) (citing *Bowen v. Yuckert*, 482 U.S. 137 (1987)). If a determination is made at any of the steps regarding plaintiff's disability status, then further evaluation under subsequent steps is not necessary. *Id*.

At step one, plaintiff must demonstrate that he is not engaged in substantial gainful employment activity. *Id*. If plaintiff makes a showing at step one that he is not substantially gainfully employed, then the ALJ moves to step two, which requires plaintiff to demonstrate that he has a "medically severe impairment or combination of impairments" that severely limit his ability to do work. *Id*. (quotation omitted). The ALJ can make a nondisability determination if there is no more than a minimal effect on plaintiff's ability to do work as a result of his impairments. However, if there is a sufficient showing that plaintiff's impairments are more than minimal, the ALJ moves to step three of the evaluation. At step three, the ALJ "determines whether the impairment is equivalent to one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id*. If the impairment(s) can be found on the list, then the ALJ makes a disability finding; if an impairment is not listed, the ALJ moves to step four of the evaluation. *Id*.

Prior to step four, the ALJ assess plaintiff's Residual Functional Capacity ("RFC"). *Baker v. Barnhart*, 84 F. App'x 10, 13 (10th Cir. 2003) (citing *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996)). At step four, it is plaintiff's burden to show that he cannot perform his past work. *Williams*, 844 F.2d at 750. The burden shifts to the ALJ at step five, where the ALJ must show that plaintiff can perform some work which exists in large numbers in the national economy. *Id*.

**III.    Analysis**

**A.     The Administrative Decision**

The ALJ conducted a hearing where she asked questions of plaintiff and a vocational expert. The ALJ then issued her decision, determining that plaintiff had not engaged in any substantial gainful activity since the alleged onset disability date of July 31, 2004. (R. at 20.) Based on evidence in the record, the ALJ found that plaintiff suffers from the following severe impairments which do not meet or medically equal one of the listed impairments either singly or in combination:

> [e]ssential hyptertension, well controlled with medications; type 2 diabetes, fairly well controlled with no evidence of any end organ damage; status post bilateral arthroscopic surgeries on the knees with essentially full range of motion, no need for assistive device with normal gait and station objectively; and weight disproportionate to height at 5'9" tall with weigh ranging between 250 and 275 pounds.

(*Id*.) The ALJ further determined that plaintiff's "medically determinable mental impairments of depression and anxiety disorder, considered singly and in combination, do not cause more than minimal limitation in [plaintiff's] ability to perform basic mental work activities and are therefore nonsevere." (*Id.* at 20–21.)

The ALJ determined plaintiff's RFC, finding that plaintiff was capable of performing a "full range of light work," can "sit, stand, or walk for 6 out of 8 hours" and can "lift 10 pounds frequently and up to 20 pounds occasionally." (R. at 21.) Based on the evidence in the record and testimony at the hearing, the ALJ found that plaintiff could return to his past relevant work as a meter inspector, and that plaintiff did not meet the requirements of disability under the Social Security Act during at any time from July 31, 2004 through the date of the decision. (*Id*. at 23–24.)

**B.     Plaintiff's Claims**

Plaintiff argues that the ALJ erred in her decision by: (1) failing to properly assess plaintiff's

RFC by not recognizing all of plaintiff's impairments and whether severe alone, or severe in combination; (2) failing to find plaintiff's allegations of pain credible; and (3) failing to find plaintiff incapable of performing past relevant work.

     1.     <u>Error in RFC Assessment by Failing to Properly Determine Plaintiff's Severe Impairments</u>

Plaintiff claims that the ALJ erred in (1) failing to find plaintiff's depression and post-traumatic stress disorder ("PTSD") to be severe impairments, and (2) assessing the impact of those impairments in plaintiff's RFC determination, despite evidence establishing a diagnosis of both disorders. Plaintiff also cites to the Veteran's Administration's increase in benefits for a diagnosis of PTSD from 10% to 30% in 2007 as additional evidence the ALJ should have contemplated in order to make a finding that it was a severe impairment. Plaintiff argues that had the ALJ made a finding that PTSD and depression were severe, or considered severe in combination with plaintiff's other impairments, the ALJ would have reduced the RFC assessment of light work in order to make a finding that plaintiff was not capable of performing work. Plaintiff further believes he can not walk or stand six hours out of an eight hour workday based on his leg impairment, which is evidenced through surgery and a diagnosis of arthritis and complications from diabetes.

Unless an impairment significantly limits a person's ability to walk, stand, sit, carry, comprehend simple instructions, respond to work conditions, and deal with changes in his routine work environment, the impairment is not severe. *Bronson v. Astrue*, 530 F. Supp. 2d 1172, 1177–86 (D. Kan. 2008) (citing 20 C.F.R. §§ 404.1521, 416.921). Plaintiff need only establish a "de minimus showing," demonstrating that the impairment "would have more than a minimal effect on [his] ability to do basic work activities." *Id*. (citations and quotations omitted). Plaintiff, however, must

demonstrate that there is more to the impairment than a "mere presence of a condition or ailment." *Id*. If plaintiff's impairment does not have a serious impact on his abilities to do basic work activities, it will not be considered a severe impairment. *Id*. (citing *Hinkle v. Apfel*, 132 F.3d 1349, 1352 (10th Cir. 1997)).

This court's duty is not to usurp the role of the ALJ, even if the court disagrees with the decision, but rather to determine whether substantial evidence supports the ALJ's findings. *Kelly*, F.3d at 337. A physical or mental impairment must be established by medical evidence "consisting of signs, symptoms, and laboratory findings, not only by [plaintiff's] statements." 20 C.F.R. §§ 404.1508, 1509. It also must have lasted or be expected to last for a "continuous period of at least 12 months." *Id*. The court gives considerable deference to the ALJ's credibility determinations, *Stephens v. U.S. Dep't of Health & Human Servs.*, No. 93-5145, 1993 WL 498168, at *1 (10th Cir. Dec. 2, 1993) (citation omitted), as long as the ALJ's credibility determination is linked to substantial evidence in the record, and "not just a conclusion in the guise of findings," *Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1998).

An error at step two of the evaluation process can be harmless as long as the ALJ finds some severe impairment or combination of impairments and proceeds to step three. *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008). However, an error at step two may not be harmless if it affects the ALJ's findings at steps four and five, when the ALJ must: (1) consider "both severe and non-severe medically determinable impairments," and (2) pose any hypothetical questions to the VE "reflect[ing] with precision all–and only–the impairments and limitations borne out by the evidentiary record." *Grotendorst v. Astrue*, 370 F. App'x 879, 883 (10th Cir. 2010) (citing *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996)). The ALJ "must consider the effects of all of the

-6-

claimant's medically determinable impairments," which includes both severe and non-severe impairments, when assessing plaintiff's RFC, and not doing so can be considered reversible error. *Dainty v. Astrue*, No. 10-1245-SAC, 2011 WL 4072548, at *3 (D. Kan. Sept. 13, 2011).

Prior to step four of the evaluation process, the ALJ must determine plaintiff's RFC, which is used to "determine his or her maximum sustained work capability for sedentary, light, medium, heavy, or very heavy work." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200(a). Pursuant to 20 C.F.R. § 404.1545(e), the ALJ is required to consider all medically determinable impairments, whether severe or non-severe, when making an RFC assessment, and to "consider a claimant's abilities to meet the demands of work despite [his] impairment(s)." *Luzier v. Astrue*, No. 10-1186-JWL, 2011 WL 2470243, at *4 (D. Kan. June 20, 2011) (citing 20 C.F.R. § 404.1545). The ALJ is to consider physical abilities such as "sitting, standing, walking, lifting, carrying, pushing, pulling, reaching, handling, stooping, and crouching; mental abilities such as understanding, remembering, and carrying out instructions, and responding appropriately to supervision, co-workers, and work pressures; other abilities such as hearing and seeing; and the ability to tolerate various work environments." *Henderson-Harrison v. Astrue*, No. 10-1218-JWL, 2011 WL 146485, at *4 (D. Kan. Apr. 18, 2011) (citing 20 C.F.R. §§ 404.1545(b, c, d), 404.1521). Pursuant to SSR 96-8p, when completing the RFC assessment, the ALJ must cite to medical and nonmedical evidence, discuss plaintiff's credibility regarding symptoms, resolve ambiguities between the evidence and plaintiff's claims of pain, and discuss medical source opinions from treating or agency physicians and the weight given to each source. *Luzier*, 2011 WL 2470243, at *4.

Plaintiff argues that the ALJ failed to properly find PTSD and depression as severe impairments. He points out that a physician with the Veteran's Administration ("VA") diagnosed

him with both post-traumatic stress disorder and major depressive disorder. (Doc. 6, at 20.) And the VA used this diagnosis to award him 30% benefits for a disability percentage of 70%. *Id*. He argues that there is substantial evidence to demonstrate that these impairments are severe. Defendant believes evidence shows that because not only was he diagnosed with, and was receiving benefits for, both of these impairments, but he was also receiving ongoing treatment for these impairments, including psychiatric care, since June 2007. *Id.* at 21. By not finding these two mental impairments severe, he argues the ALJ erred in her RFC finding that these mental impairments do not adversely affect the RFC assessment.

The ALJ discussed why she did not find plaintiff's depression and anxiety to be a medically determinable impairment, noting that they "do not cause more than minimal limitation in claimant's ability to perform basic mental work activities and are therefore nonsevere." (R. at 20.) The ALJ considered plaintiff's depression and anxiety in conjunction with the broad functional areas in § 12.00C of the Listing of Impairments under 20 C.F.R. Part 404 Sbpt. P, App'x 1, the paragraph B criteria: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; (4) and episodes of decompensation. The ALJ determined plaintiff's mental impairments were non-severe because they "cause[d] no more than 'mild' limitation in any of the first three functional areas and 'no' episodes of decompensation." (R. at 22.) Substantial evidence in the record supports the ALJ's finding that depression was not a severe impairment, and that despite receiving a diagnosis of depression, this impairment did not cause more than a minimal limitation on his ability to work. (R. at 313–16, 317–20, 331–47, 435–43.)

The ALJ also discussed why she did not make a finding that PTSD was a severe impairment despite the VA's findings. Here, the ALJ noted the following pertaining to the plaintiff's PTSD

diagnosis and the VA's disability determination:

> [C]laimant underwent a comprehensive psychological evaluation on January 3, 2007, a report of which is found in the record at Exhibit 16F. . . . At Page 4 it was noted that he had PTSD by history and depression which was no more than mild with a global assessment functioning of 55/60 which is consistent with no more than mild mental dysfunction. This assessment was confirmed by reviewing psychologists in Exhibits 20F, 21F and 23F. An examining physician Exhibit 17F essentially found that claimant could perform medium work.
>
> . . . .
>
> There is a Veterans Administration rating report in Exhibit 25F indicating that claimant has recently been given a 30% disability rating for Veterans Administration purposes for PTSD/anxiety. However, the bulk of the record shows that he was not undergoing any treatment or taking any medications; nor were any recommended during the bulk of the timeframe relevant to this appeal and the Veterans Administration rating system uses a different standard of evaluation than that which is required for Social Security disability evaluations.

(R. at 23.) The ALJ then goes on to list a wide range of daily activities demonstrated in the record that plaintiff is able to perform.

A VA disability determination does not bind the Social Security Administration. *Kanelakos v. Astrue*, No, 06-6123, 2007 WL 2693864, at *2 (10th Cir. Sept. 12, 2007) (citing 20 C.F.R. § 404.1504). However, "it is evidence that the ALJ must consider and explain why he did not find it persuasive." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). A complete failure "to discuss the significance of the VA's disability evaluation" is considered error and subject to remand. *Kanelakos*, 2007 WL 2693864, at *2 (internal quotation omitted). But, it is the general practice of the Tenth Circuit "'to take a lower tribunal at its word when it declares that it has considered a matter.'" *McFerran v. Astrue*, 437 F. App'x 634, 638 (10th Cir. 2011) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005)).

As exhibited above, the ALJ acknowledged the VA's disability rating regarding

PTSD/anxiety. The ALJ explained why she did not make a finding of disability based on this review. Although there is evidence in the record from 2009 that plaintiff was taking Prozac to control depression/anxiety, evidence suggests that the condition was reasonably controlled by the medication, and that plaintiff was not suffering from side effects. (R. at 435–442.) The court finds no error in the ALJ's consideration of the VA's disability determination. And, plaintiff "'has not pointed to any specific factual finding or evidence in the [VA] determination that should have changed the [ALJ's] decision.'" *McFerran*, 437. F. App'x at 638 (quoting *Hackett*, 395 F.3d at 1173)).

Lastly, the ALJ considered evidence relating to plaintiff's leg impairments and diabetes, and determined plaintiff's knee surgeries and type II diabetes were severe impairments, and considered those in making her RFC assessment. She thoroughly reviewed the evidence in the record, and incorporated the evidence into her RFC assessment as it pertains to all of plaintiff's impairments, including plaintiff's leg impairments and diabetes diagnosis. There is substantial evidence in the record supporting her conclusion that plaintiff's leg impairments and diabetes were helped substantially by medication, and did not limit plaintiff so much that he could not perform light work. (R. at 250–53, 254–57, 300, 317–21, 323–31, 372–75, 415–16.)

The ALJ considered plaintiff's symptoms consistent with the medical evidence in the record under the 20 CFR §§ 404.15529 and SSR s 96-4p and 96-7p requirements. (R. at 21.) And, the ALJ evaluated plaintiff's impairments in combination: "sleep apnea, diabetes, peripheral neuropathy, depression, chronic fatigue, and pain, primarily in [plaintiff's] low back and knees." (R. at 22.) The ALJ discussed evidence regarding plaintiff's mental impairments and ultimately determined plaintiff's mental impairments did not limit him to a degree that he could not perform basic mental

-10-

duties at work. After reviewing the evidence in the record, the ALJ assessed plaintiff's RFC, that he is able to "sit, stand or walk for 6 out of 8 hours," and "lift 10 pounds frequently and up to 20 pounds occasionally," ultimately determining plaintiff capable of performing light work. (R. at 21.) The court finds no error by the ALJ in making her RFC assessment. The court further finds that substantial evidence supports the ALJ's RFC assessment as it pertains to plaintiff's severe and non-severe impairments, including any mental impairments, leg impairments, and diabetes diagnosis.

       2.       <u>Error in Credibility Finding: Failure to Find Plaintiff's Claims Credible</u>

Plaintiff believes the ALJ's credibility determination was "brief and incomplete," and disagrees that plaintiff's complaints were not credible in light of the fact that they were more severe than the ALJ's RFC assessment for light work. Plaintiff argues that evidence supports his assertion that he was unable to continue to work in his previous capacity or to perform other jobs. Plaintiff points to evidence by a physician, Dr. Bean, who concluded plaintiff was unable to return to his job because of medical conditions. Plaintiff contends that he would not have quit his work after thirty years of "stellar work history" without a real mental or physical problem. And that despite being released for work in 2004, he continues to experience symptoms of impairment in his knee, inhibiting his ability to perform work. Plaintiff believes that although there were records showing that plaintiff was doing well, there was still ample evidence of "ongoing mental and physical impairments" which could hinder his ability to work. (Doc. 6, at 25.)

Plaintiff further contends the ALJ relied in error on 20 C.F.R. § 404.1529 factors to determine plaintiff's credibility, placing emphasis on plaintiff's ability to perform daily activities as evidence that he was able to return to his previous employment. Plaintiff points to evidence showing that plaintiff's "ability to sustain daily activities is clearly impaired" because plaintiff continues to

suffer from medicinal side effects, weight gain, drowsiness, headaches and lightheadedness that impair his ability to fully engage in all prior daily activities. (Doc. 6, at 27.)

When supported by substantial evidence in the record, the court will rarely disturb the ALJ's findings regarding plaintiff's complaints of pain. *Diaz v. Sec. of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). The ALJ made the following credibility determination:

> After careful consideration of the evidence, the undersigned finds that claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(R. at 22.) The ALJ next discussed evidence in the record regarding plaintiff's impairments, making notations in each impairment discussion regarding contradictory statements made by plaintiff. The court will not usurp the ALJ's role in determining the credibility of plaintiff, and finds no error in the ALJ's credibility determination because it is supported by substantial evidence in the record. *Kelly*, F.3d at 337.

        3.      <u>Error at Step 4: Failure to Find Plaintiff Incapable of Performing Past Relevant Work</u>

Plaintiff argues that the ALJ erred in finding him capable of performing past relevant work by erroneously assessing plaintiff's RFC. And further, the ALJ erred when analyzing plaintiff's physical and mental requirements of his past work. Plaintiff believes the ALJ should have reduced her RFC assessment from light to sedentary work. According to plaintiff, had the ALJ reviewed these requirements in conjunction with the vocational expert testimony, this would have demonstrated his inability to return to his past work.

As stated above, the ALJ must assess plaintiff's RFC prior to step four of the evaluation process. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200(a). SSR 82-62 requires the ALJ to make specific

findings of fact at step four regarding: (1) plaintiff's RFC; (2) plaintiff's physical and mental demands of prior employment requirements; and (3) plaintiff's ability to return to his prior employment given his RFC. *Hill v. Astrue*, No. 07-1028-MLB, 2007 WL 4741371, at *5 (D. Kan. Sept. 7, 2007) (citing *Henrie v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (1993)). If the ALJ fails to make specific findings regarding mental and physical demands of plaintiff's prior employment, either as performed by plaintiff or as performed nationally, the court must remand the case in order for the ALJ to make those specific findings. *Id*. (citing *Clardy v. Barnhart*, No. 03-2347-JWL, 2004 WL 737486, at *6 (D. Kan. Apr. 5, 2004)).

The court in *Hill* found that the ALJ failed to make specific findings of fact regarding both physical and mental demands of plaintiff's prior work when the ALJ merely stated he used the vocational evidence to make his findings at this second step of the step four analysis. 2007 WL 4741371, at *6. The ALJ in *Hill* failed to mention physical or mental demands specifically required of his prior employment. *Id*. "Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review." *Winfrey v. Chater*, 92 F.3d 1017, 1025 (10th Cir. 1996). Otherwise, when the ALJ fails to make specific findings beyond relying on the VE testimony, the court is left to review nothing. *Id*.

Here the ALJ made an RFC assessment by considering plaintiff's symptoms in conjunction with the evidence in the record. (R., at 23.) The ALJ determined that plaintiff was capable of performing his past relevant work as a meter inspector "based on specific testimony from the vocational expert in response to hypothetical questioning at claimant's hearing." *Id*. Then, the ALJ noted, "[i]n comparing [plaintiff's] residual functional capacity with the physical and mental demands of this work, the undersigned finds that claimant is able to perform it as actually and

generally performed." *Id*. at 24.

The court finds the ALJ's determination troubling because of her blanket statement that she relied on specific testimony from the vocational expert in order to determine plaintiff was capable of performing his past relevant work. In her step four analysis, the ALJ provides no written support from the record or other reason beyond the VE's testimony for her determination that plaintiff is capable of performing his past work for the court's review. The ALJ's limited analysis goes against the *Hill* and *Winfrey* courts, and this court is therefore unable to meaningfully review the ALJ's decision at step 4. Therefore, the court finds the ALJ erred at her step four analysis for failing to make proper written findings, and remands the case back to the ALJ in order to make more these specific findings regarding the "mental and physical demands of plaintiff's prior employment." *Hill*, 2007 WL 4741371, at *5.

## IV.   Conclusion

Based on a thorough review of the record and the ALJ's decision, the court remands the Commissioner's decision for review consistent with the court's findings above.

**IT IS THEREFORE ORDERED** that the Commissioner's decision is reversed and remanded for further consideration by the ALJ consistent with this order. Judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. §405(g)

Dated this 27th day of March, 2012 at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**